NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA GUADALUPE AYALA-MANZO, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No.   13-73489 <br><br> Agency No. A070-204-444 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 13, 2016**
San Francisco, California

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Maria Guadalupe Ayala-Manzo, a native and citizen of Mexico, seeks

review of a decision by the Board of Immigration Appeals (BIA or Board)

affirming the denial of her applications for withholding of removal and relief under

the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252, and deny the petition for review.

1. Substantial evidence supports the BIA's determination that Ayala-Manzo is not entitled to withholding of removal. The Board found that Ayala-Manzo's fear of future persecution in Mexico at the hands of her ex-boyfriend or drug traffickers was not objectively reasonable. Upon review, the record contains facts that "a reasonable mind might accept as adequate to support [the BIA's] conclusion." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Domestic violence has been criminalized throughout Mexico, federal prosecutors are achieving convictions, and the government is actively funding women's shelters. Likewise, the Mexican government is removing cartel leaders and dispatching the military "to assist (or replace) the weak and often corrupt local and state police." Viewed as a whole, the record does not compel the conclusion that Ayala-Manzo has shown it is more likely than not that she would suffer abuse because the government is unable or unwilling to protect her from drug traffickers or persecutors like her ex-boyfriend.

Substantial evidence also supports the Board's determination that Ayala-Manzo could relocate within Mexico to avoid future harm. Ayala-Manzo testified that she has not had any contact with Marquez since his deportation in 2012, that he has not

2

attempted to contact her, and that she does not know where he lives in Mexico. It is therefore likely that Ayala-Manzo could avoid Marquez by relocating away from Michoacan, the town of her birth, where he might think to find her. Similarly, given that her father's killer lives in Michoacan, she likely could avoid him through relocation to another area within Mexico. As Ayala-Manzo has no family or property in Mexico, she has little reason to return to the town of her birth. Based on those same facts, substantial evidence supports the conclusion that it would not be unreasonable to expect her to relocate.

2. Substantial evidence supports the BIA's determination that Ayala-Manzo is not entitled to CAT relief. For the same reasons already noted, Ayala-Manzo did not carry her burden to show she would likely be tortured in Mexico with government acquiescence. Moreover, there is no evidence that Marquez or her father's killer are interested in finding her, or have the capability to locate her within Mexico. Even if Ayala-Manzo were likely to face persecution, the record does not compel the finding that the government would be willfully blind to Ayala-Manzo's torture and "breach [its] legal responsibility to intervene to prevent such activity." 8 C.F.R. § 1208.18(a)(7).

**PETITION FOR REVIEW DENIED.**